**UNITED STATES of America,**
**Appellant,**

v.

**Lonnie Edward VOGT, Appellee.**

**No. 89–2695.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 29, 1990.

Decided April 3, 1990.

Rehearing Denied May 30, 1990.

Richard L. Murphy, Cedar Rapids, Iowa, for appellant.

Kevin J. Visser, Cedar Rapids, Iowa, for appellee.

Before WOLLMAN, Circuit Judge; GIBSON, FLOYD R., Senior Circuit Judge; and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

The government appeals from the order of the district court denying its motion to

---

vacate a plea agreement and guilty plea it negotiated with Lonnie Edward Vogt and dismissing an indictment against Vogt. Vogt moves to dismiss the appeal for lack of jurisdiction. We deny Vogt's motion and, after considering the merits of the appeal, affirm the order of the district court.

## BACKGROUND

On September 20, 1988, Vogt was charged in a four-count indictment with various cocaine offenses, including distribution, possession with intent to distribute, and conspiracy to distribute and to possess with intent to distribute in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2. The parties entered into a plea agreement which provided that the government would dismiss the original four-count indictment in exchange for Vogt's guilty plea to a reduced charge and his cooperation in an on-going investigation of drug trafficking. The parties signed the plea agreement on November 3, 1988, and Vogt pleaded guilty on the following day to one count of conspiracy to distribute and to possess with intent to distribute.[1]

The plea agreement required that Vogt provide the government with complete and truthful information regarding any drug transactions of which he had knowledge. The agreement also contained the following stipulation:

It is understood that, upon request by the government, Lonnie Edward Vogt will voluntarily submit to a polygraph examination. In the event he is called upon by the government to submit to a polygraph examination and his performance in the examination suggests a conscious intent to deceive, mislead or lie, he will be afforded an opportunity to review and explain the deceptive responses to the government. If the totality of circumstances convinces the government

that his statement is not complete and truthful, he will be so informed and any and all obligations imposed on the government by this agreement will be rendered null and void. This decision will be in the sole discretion of the United States Attorney for the Northern District of Iowa.

Plea Agreement para. 6.

In discussions with government agents before and after signing the plea agreement, Vogt described cocaine transactions he had engaged in with about thirty people. The drug activities Vogt discussed took place only through the fall of 1987, although the government was aware that Vogt's personal cocaine use extended into 1988. Brad Armstrong, one of the individuals with whom Vogt admitted dealing in cocaine, subsequently entered into a plea agreement with the government and implicated Vogt in two drug transactions taking place in 1988.

On January 25, 1989, Vogt underwent a polygraph test at the government's request. When he was informed that the test indicated he was lying, Vogt acknowledged that he had not been truthful with government agents about the extent of his drug involvement after October 1987. Following the polygraph test, Vogt testified before a federal grand jury pursuant to the plea agreement on January 25 and 26, 1989. Vogt was again summoned before the grand jury in March 1989, but was not called to testify. On April 4, 1989, the government moved the district court to set aside Vogt's plea agreement. Vogt resisted the government's motion and a hearing was held on May 15, 1989.

The district court found that Vogt had materially breached the plea agreement by not providing complete and truthful information about his drug activities after November 1987. The court also found that although the government learned of Vogt's

---

1. The conspiracy count in the original indictment charged Vogt with conspiring to distribute cocaine and conspiring to possess cocaine with intent to distribute between about 1985 and about 1988. The count to which Vogt pleaded guilty charged him with conspiracy to distribute cocaine from 1985 through about October 1987.

Because the United States Sentencing Guidelines apply to offenses occurring on or after November 1, 1987, the plea agreement ensured that Vogt would be sentenced under pre-Guidelines law. *See United States v. Lee,* 886 F.2d 998, 1003 (8th Cir.1989).

breach on January 25, 1989, it continued to solicit and accept the benefit of the plea agreement by requiring Vogt to appear three times and to testify twice before the grand jury. The district court concluded that the government waived any right to complain of Vogt's breach by continuing to solicit and accept the benefit of the bargain after it learned of the breach. Accordingly, the court denied the government's motion to vacate the plea agreement.

On July 17, 1989, the district court dismissed the original four-count indictment and sentenced Vogt to six years imprisonment to be suspended with five years probation after Vogt served six months.[2] The government twice moved the court to reconsider its motion to vacate the plea agreement and Vogt's guilty plea. The court denied both motions and this appeal ensued.

## DISCUSSION

■ Vogt moves to dismiss this appeal for lack of jurisdiction. Noting that this Court has jurisdiction over a government appeal in a criminal case only when a statute authorizes such jurisdiction, Vogt claims that no statutory authorization exists in this case. We disagree.

This court has jurisdiction over an appeal by the United States "from a decision, judgment, or order of a district court dismissing an indictment or information * * * as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." 18 U.S.C. § 3731 (1988). Here, the district court's denial of the government's motion to vacate the plea agreement resulted in the dismissal of the original four-count indictment against Vogt. Consequently, section 3731 authorizes jurisdiction over this appeal.

■ On the merits, the government argues that the district court erred in denying its motion to vacate Vogt's plea agreement once Vogt had breached the agreement. We will overturn a district court's findings of fact only if they are clearly erroneous, *see United States v. Dochterman*, 630 F.2d 652, 653 (8th Cir.1980), and we will reverse a denial of a motion to vacate a guilty plea only for an abuse of discretion, *cf. United States v. Moore*, 822 F.2d 35, 37 (8th Cir.1987) (denial of defendant's motion to withdraw guilty plea will be reversed only for abuse of discretion).

■ The district court found that Vogt had breached the plea agreement by failing to provide the government with complete, truthful information regarding his drug trafficking. The district court also found that the government knew or should have known of Vogt's breach on January 25, 1989. The government did not move to vacate the plea agreement until April 4, 1989, ten weeks later. The district court found that, in the interim, the government twice sought and received Vogt's testimony before the grand jury pursuant to the plea agreement.[3] These findings are not clearly erroneous.

As the district court noted, "contract principles provide a useful means by which to analyze the enforceability of plea agreements." *United States v. Vogt*, No. Cr. 88–39, Order at 2 (N.D.Iowa July 12, 1989) (citations omitted). In view of the government's delay in complaining of Vogt's breach and its continued acceptance of the plea agreement's benefits, we believe the district court did not abuse its discretion in concluding that the government waived its right to complain of Vogt's breach. *See Restatement (Second) of Contracts* § 246(1) (1981) (acceptance by obligor of obligee's performance with knowledge of non-occurrence of a condition of obligor's

2. The court also fined Vogt $25,000 and ordered him to pay restitution of $2350 to the government. Vogt started serving his sentence on August 14, 1989.

3. Vogt notes that the government continued to solicit and accept his compliance with the plea agreement even after it filed this appeal seeking to have the agreement vacated. The government requested Vogt to meet with government agents and prosecutors four times during a six-week criminal trial late in 1989. Additionally, Vogt testified on two days of the trial at the government's request.

duty operates as a promise to perform despite the non-occurrence).[4]

## CONCLUSION

We affirm the orders of the district court denying the government's motion to vacate Vogt's plea agreement and guilty plea and dismissing the original indictment against Vogt.

---

**4.** We reject the government's contention that *United States v. Brown*, 801 F.2d 352 (8th Cir. 1986), requires a reversal in this case. In *Brown*, the government had agreed not to prosecute Brown for a cocaine offense in exchange for his full cooperation in an ongoing investigation of drug trafficking. *Id.* at 353. The agreement stipulated that the United States would not be bound if Brown committed any future felonies. *Id.* After the government had interviewed Brown about his past drug transactions, it learned from an informant that Brown currently was dealing in marijuana. *Id.* Although government agents observed Brown collecting money for marijuana from the informant, Brown denied buying or selling marijuana. *Id.* at 353–54. The government then obtained an indictment charging Brown with his earlier cocaine offense. *Id.* at 354. The district court dismissed the indictment, holding that the government could not prosecute Brown for the earlier offense because it had received the benefits of Brown's cooperation pursuant to the agreement. *Id.* This Court reversed and remanded, holding that if Brown had in fact breached the agreement, the government could prosecute him for the cocaine offense. *Id.* at 355.

We believe the circumstances of Vogt's case differ sufficiently from Brown's to support the district court's finding that the government has waived its right to complain of Vogt's breach of his plea agreement. In *Brown*, the government began to prosecute Brown as soon as it confirmed its suspicion that he had breached the non-prosecution agreement. The government neither sought nor received Brown's further compliance with the agreement after learning of his breach. Moreover, Brown had not previously been charged with or pleaded guilty to any offense in connection with his cocaine violation. Here, Vogt has pleaded guilty, has undergone sentencing, and has been incarcerated for nearly six months. Consequently, we believe *Brown* does not require that the government be allowed to set aside Vogt's plea agreement.