989 F.2d 506
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Lonnie Edward VOGT, Appellant.
 No. 92-2784.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 24, 1993.
Filed: March 17, 1993.
 
 Before JOHN R. GIBSON, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lonnie Edward Vogt appeals the district court's[1] revocation of his probation. We affirm.
 
 
 2
 In November 1988, Vogt pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, based on conduct which occurred prior to enactment of the Sentencing Guidelines. Pursuant to his plea agreement, Vogt agreed to provide complete and truthful information to the government concerning his knowledge of use, possession, and trafficking of controlled substances. In April 1989, the government attempted to vacate the plea agreement, charging that Vogt breached the agreement because he did not always provide to the government complete and truthful information about drug-related activities. After a hearing, the district court denied the motion to vacate. Although the court found Vogt had been untruthful, the court also found the government continued to utilize Vogt as an informant after it knew or should have known Vogt was not fully and truthfully answering questions and even after it moved to vacate the plea agreement. The government appealed, and we affirmed. United States v. Vogt, 901 F.2d 100, 103 (8th Cir. 1990).
 
 
 3
 On July 17, 1989, the district court sentenced Vogt to six years imprisonment. The court placed him on probation for five years, with the condition that he first serve five months and twenty-nine days in a jail-type institution and pay a $25,000 fine. The judgment imposed additional general conditions of probation, including the conditions that Vogt refrain from violating any law and from excessively consuming alcohol.
 
 
 4
 On August 14, 1989, Vogt reported to the Community Correction Center in Cedar Rapids, Iowa. He appeared intoxicated and was arrested. Upon his conviction for public intoxication, the government moved to revoke his probation, charging that Vogt had violated a law and had excessively consumed alcohol. After a hearing, the court denied the government's motion, but advised Vogt that he was being given a second chance and expressed hope that he would not appear before the court again. On August 2, 1991, the government again moved to revoke Vogt's probation, charging that he excessively consumed alcohol, failed to obey his probation officer, would not report all of his activities to his probation officer, and did not participate fully in drug aftercare and substance abuse treatment. After a hearing, the court denied the government's second revocation motion, but modified Vogt's probation to require that he participate in an in-patient substance abuse treatment program at a facility designated by the probation office. The court again warned Vogt to avoid any future appearances before the court.
 
 
 5
 On April 22, 1992, Vogt was arrested for operating a motor vehicle while under the influence of an alcoholic beverage, speeding, and possessing an open container of alcohol in a motor vehicle. The government filed a third motion for probation revocation, arguing that Vogt violated the condition that he not break any law. Along with its motion, the government submitted a letter from Patricia Cargin, Vogt's probation officer, who stated that Vogt had not attended any drug abuse aftercare meetings, he had continued to socialize with friends who regularly drank alcohol to excess, and consequently, he presented a threat to the community. The government also submitted evidence of Vogt's arrest, statements by the arresting officers, and the criminal complaint. Vogt responded that revocation of probation was a discretionary function of the court and urged the court to consider that he had complied with the other requirements of his probation, including payment of the fine.
 
 
 6
 The court heard testimony regarding Vogt's traffic violations and, ruling from the bench, revoked Vogt's probation, imposed the original six-year prison sentence, and stated "credit to be given him for the time that he has previously served under the original sentence in this court." The court's written order, prepared by the government, stated "credit for time served as a condition of probation in the Community Correction Center." Vogt appealed.
 
 
 7
 We review a revocation of probation for abuse of discretion. See United States v. Shangreaux, 897 F.2d 939, 941 (8th Cir. 1990). Vogt contends the district court unfairly revoked his probation and sentenced him to prison for a misdemeanor offense. The district court revoked Vogt's probation because he violated a probation condition: he operated a vehicle under the influence of alcohol in violation of state law. The district court also found Vogt had refused to participate in any aftercare drug treatment or counseling. We have carefully reviewed the record and these findings are supported by the evidence and amply support the district court's order of revocation. Vogt also argues the district court did not explore alternatives to incarceration before revoking his probation. Due process does not require a sentencing court to indicate it has considered and rejected alternatives to incarceration before it revokes probation. See Black v. Romano, 471 U.S. 606, 616 (1985).
 
 
 8
 Finally, Vogt argues he should receive credit for all of the time he spent on probation, because the district court's verbal order is inconsistent with the written order. Vogt contends the government deliberately misinterpreted the court's oral ruling. Because the district court signed the order limiting Vogt's credit to time served in the Community Correction Center, Vogt's argument that the court did not intend to so limit his credit fails.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa