990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rudy ARAMBULA, Defendant-Appellant.
 No. 92-50396.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1993.
Decided April 16, 1993.
 
 1
 Before HALL, WIGGINS and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 OVERVIEW
 
 3
 Rudy Arambula challenges the district court's denial of his motion to compel the government to recommend a reduction in his sentence. The district court concluded that the government was under no obligation to bring a motion further to reduce Arambula's sentence under the plea agreement. We affirm.
 
 FACTS
 
 4
 Arambula pleaded guilty to one count of possession of a prohibited chemical substance in violation of 21 U.S.C. §§ 841(d)(2), 802(33), and 802(34)(C). He entered his plea pursuant to a plea agreement with the government. In exchange for Arambula's plea and his compliance with the agreement, the government agreed to bring no further criminal charges against Arambula relating to the chemicals alleged in the indictment and promised to recommend a downward departure from the Sentencing Guidelines to reflect Arambula's substantial assistance, "if appropriate."
 
 
 5
 Arambula cooperated with law enforcement officials and provided information regarding illegal drug trafficking activity. Subsequently, at Arambula's sentencing hearing, both sides requested that sentencing be continued until Arambula's cooperation was complete. However, the district court refused to postpone sentencing until Arambula had testified at a pending trial. One week later, the district court sentenced Arambula to 97 months imprisonment, which represented a 23 month downward departure from the statutory minimum based on the assistance Arambula had provided to date. The district court advised Arambula that any further reduction in his sentence would depend upon his continued cooperation. The court also told Arambula that he was under no obligation to continue to cooperate.
 
 
 6
 Following sentencing, Arambula testified for the government at two criminal trials. Based on this testimony, Arambula repeatedly requested that the government file a motion further to reduce his sentence. As the deadline approached for filing the motion, it became apparent that the government had no intention of filing any such motion on Arambula's behalf. Therefore, Arambula filed a motion to compel the government to recommend a reduction in his sentence.
 
 
 7
 After a hearing on the motion, the district court indicated that Arambula's testimony at both trials was partially impeached and that Arambula was an evasive witness. The court also stated, however, that Arambula's testimony was helpful, even though it was materially false. The court concluded that the government was under no obligation to recommend further reduction of Arambula's sentence because he did not testify truthfully. Arambula appeals.
 
 STANDARD OF REVIEW
 
 8
 Arambula contends that the government has breached the plea agreement. We review a district court's determination as to whether a plea agreement has been violated under the clearly erroneous standard. See United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986). In addition, we must accept the district court's interpretation of the agreement unless clearly erroneous. United States v. Fernandez, 960 F.2d 771, 772 (9th Cir.1991) (per curiam); Sutton, 794 F.2d at 1423. Thus, we will not reverse the district court unless we have the definite and firm conviction that the plea agreement required that the government bring a motion to reduce on the facts before us. See United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991) (indicating that under the clearly erroneous standard an appellate court will only disturb a lower court's conclusion if the appellate court has the definite and firm conviction that a mistake has been made).
 
 DISCUSSION
 
 9
 A plea agreement is contractual in nature and is interpreted by contractual standards. United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991). "[A]ny dispute over the terms of the agreement will be determined by objective standards." Id. The plea agreement at issue here contained the following obligations: Arambula promised (1) truthfully to disclose all information about illegal drug trafficking, (2) to cooperate with and assist a narcotics task force, (3) to testify truthfully in the grand jury and at trial if requested, (4) to testify truthfully concerning all subjects about which he would be questioned, and (5) to give complete, truthful, and accurate information and testimony at all times. The government, on the other hand, promised (1) not to bring further criminal charges against Arambula relating to the chemicals alleged in the indictment to which he pleaded guilty, (2) to inform the sentencing judge and the probation department of the plea-agreement, the nature and extent of Arambula's activities and cooperation in the case, and all other information in its possession relevant to sentencing, and (3) to recommend a downward departure from the Sentencing Guidelines or a modification pursuant to Rule 35 to reflect Arambula's substantial assistance in the investigation, if appropriate.
 
 
 10
 The district court concluded that the government had no obligation to bring a motion to reduce Arambula's sentence based on his testimony at two trials. Arambula contends, however, that under the terms of the plea agreement the government was required to bring a motion further to reduce his sentence based on his testimony at the trials. We agree with the district court.
 
 
 11
 Generally a prosecutor enjoys broad discretion to determine whether to bring a substantial assistance motion. See Goroza, 941 F.2d at 909-10. However, a prosecutor can limit that discretion under the terms of a plea agreement. See id.; see also United States v. Conner, 930 F.2d 1073, 1075 (4th Cir.) ("[O]nce the government uses its ... discretion as a bargaining chip in the plea negotiation process, that discretion is circumscribed by the terms of the agreement."), cert. denied, 112 S.Ct. 420 (1991). Arambula contends that the prosecutor bargained away his discretion in this case. We disagree. The agreement clearly states that the government will bring a substantial assistance motion only if appropriate. Viewed objectively, this language simply does not strip the prosecutor of his discretion to determine whether to recommend a reduction in Arambula's sentence. Indeed, we conclude that the agreement clearly preserves the prosecutor's discretion. Moreover, even were we to find that the prosecutor had bargained away his discretion, we are not convinced that Arambula would be entitled to a further reduction in his sentence because his testimony was not truthful. See Connor, 930 F.2d at 1075-76 (upholding governments's refusal to file a substantial assistance motion, despite an unconditional promise to do so because there was no evidence that the district court had clearly erred in determining that the defendant had not testified truthfully as required by the agreement). Thus, we conclude that the plea agreement plainly did not require that the prosecutor recommend a reduction in Arambula's sentence.[1]
 
 
 12
 In conclusion, we note the fatal flaw in Arambula's appeal; he has failed to identify any evidence that would indicate that the district court's refusal to compel a motion to reduce under the terms of the plea agreement was clearly erroneous. Based on evidence presented by the government, the district court found that Arambula's testimony was materially false, that he was an evasive witness, that he had lied about his contacts, and that he may have been feeding information to potential suspects. Arambula produced no evidence to the contrary and admitted that his testimony was inaccurate. He contends, however, that his "inconsistent testimony" did not go to the heart of his plea agreement, despite the provision in paragraph 11 requiring that he give "complete, truthful, and accurate information and testimony" at all times. On the facts before this court, we cannot conclude that the district court's decision was clearly erroneous.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Arambula does not contend that the district court should have reduced his sentence further in the absence of a motion by the government. Nonetheless, we note that if a prosecutor determines not to file a substantial assistance motion, a court should intervene and grant a remedy only if the prosecutor's refusal is based on an unconstitutional motive. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992). Here, we find no allegation of any unconstitutional motive. Indeed, the district court went to some length to defend the prosecutor's refusal to bring a reduction motion in this matter and was convinced that the prosecutor acted in good faith throughout
 Arambula also contends that United States v. Vogt, 901 F.2d 100 (8th Cir.1990), should control this case. We have considered the Vogt case and find it wholly inapposite. Thus, we need not take the time to distinguish that case here.