**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5088**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GWENDOLYN MARIA LEVI, a/k/a Gwendlyn Levi, a/k/a Bernice
Carter, a/k/a Edna Dawson, a/k/a Gwendlyn Maria Levi, a/k/a
Gwen,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Roger W. Titus, District Judge.
(8:04-cr-00235-RWT)

_____

Submitted:  May 13, 2008        Decided:  June 4, 2008

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and WILKINS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David W. Fischer, Glen Burnie, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Deborah A. Johnston, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gwendolyn Maria Levi appeals from her conviction for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2000). Levi pleaded guilty to the charge pursuant to a plea agreement with the Government; however, she subsequently breached the agreement by refusing to testify at the trial of three of her co-defendants, one of whom was her son. While Levi concedes she breached the terms of the plea agreement by refusing to testify, she claims the district court erred by permitting the Government to be relieved of its reciprocal obligations under the agreement.[1] Levi contends the Government waived its right to seek relief for her breach by continuing to operate "as if the plea agreement was status quo ante," as the Government obtained a continuance of her sentencing hearing while representing to her co-defendants that she was still a cooperating witness. Finding no error, we affirm.

In evaluating a claim alleging breach of a plea agreement, the district court's factual findings are reviewed for clear error, while legal principles as applied to those facts are reviewed de novo. United States v. Snow, 234 F.3d 187, 189 (4th

---

[1]After the Government was released from its obligations under the plea agreement to request certain offense level reductions, the district court calculated Levi's offense level at 40, with a criminal history category of III. Based on a sentencing guidelines range of 360 months to life imprisonment, the district court sentenced Levi to 400 months' incarceration.

- 2 -

Cir. 2000). Plea agreements are interpreted according to contract law; each party to the agreement should receive the benefit of its bargain. United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006). The Government is responsible only for those promises actually made to the defendant, and its duty in executing those obligations is no greater than that of "fidelity to the agreement." United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986)). When a defendant has committed a material breach of the plea agreement, she forfeits any right to its enforcement and thereby relieves the Government of its obligation to abide by the terms of the agreement. United States v. West, 2 F.3d 66, 69-70 (4th Cir. 1993); see also United States v. Scruggs, 356 F.3d 539, 543 (4th Cir. 2004).

While the terms of the plea agreement expressly permitted the Government to seek a continuance of the sentencing hearing,[2] Levi claims the Government was aware of her breach and continued to operate under the plea agreement, thereby obtaining a benefit by representing to Levi's co-defendants that she was still available

---

[2]In her plea agreement, Levi agreed that sentencing "may be delayed until her cooperation has been completed so that at sentencing the Court will have the benefit of all relevant information." At the Fed. R. Crim. P. 11 hearing, the district court made note of this particular aspect of the plea agreement, stating that it was "likely - if not almost certain - that th[e] sentencing date will be moved because of the agreement that you've made to cooperate with the prosecution."

to testify at their trials. In light of the Government's representations to Levi's co-defendants and its almost nine-month delay before asking to be relieved from its obligations under the plea agreement, Levi asserts the Government waived its right to assert any breach on her part.

In its motion seeking a continuance of the sentencing date, the Government noted that while Levi had refused to testify at her son's trial, it was unclear "what will happen during the trial of the remaining codefendants." The continuance provided the Government with the option to call Levi at future trials while also giving Levi an opportunity to fulfill her obligations under the plea agreement. A continuance for these purposes was expressly permitted under the terms of the plea agreement, and despite Levi's initial refusal to testify, the Government was entitled to enforce this provision of the agreement in an effort to remedy that refusal. See Scruggs, 356 F.3d at 545. Furthermore, the Government's failure to seek to be relieved of its responsibilities under the plea agreement until after the co-defendants' trials were completed did not constitute waiver of the breach, as the Government received no further performance by Levi during this period. Cf. United States v. Vogt, 901 F.2d 100, 102-03 (8th Cir. 1990).

While Levi conceded she was in breach of the plea agreement, she contends the Government nevertheless benefitted by

continuing to represent to her co-defendants that she was available to testify against them. Levi claims the Government used the threat of her testimony as a "bargaining chip" against her co-defendants; however, there is no evidence the Government obtained any substantive benefit by identifying her as a possible witness. As the district court noted, despite the possibility of Levi providing testimony for the Government, none of the co-defendants entered guilty pleas. Levi's assertion that the mere possibility of her testimony benefitted the Government is completely speculative, as her co-defendants proceeded to trial and were found guilty without any testimony on her part. See Scruggs, 356 F.3d at 544 (expected benefits from plea agreement are not based on defendant's subjective beliefs regarding utility of their cooperation).

Furthermore, even assuming the Government obtained some marginal benefit by having Levi listed as a possible witness, the fact remains that the Government did not obtain the performance for which it had bargained — namely, Levi's testimony against her co-defendants at trial. Levi thus failed to fulfill a core term of her plea agreement, as she was required to give testimony against her co-conspirators at trial, not merely to be identified as a possible witness. See United States v. Williams, 510 F.3d 416, 427 (3d Cir. 2007) (defendant is not permitted to receive benefits of the plea agreement while avoiding its costs). Therefore, Levi's

- 5 -

claim that the Government waived its right to pursue remedies for her breach of the plea agreement is meritless.

Accordingly, we affirm Levi's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED