# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-3276

_____

United States of America,      *
     *
     Appellee,      *
     *      Appeal from the United States
     v.      *      District Court for the
     *      Southern District of Iowa.
Jorge Arellano Ramirez,      *
     *
     Appellant.      *

_____

Submitted: March 9, 1999
Filed: June 22, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and STROM,[1] District
Judge.

_____

HANSEN, Circuit Judge.

Jorge Arellano Ramirez pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 57 months' imprisonment. Ramirez appeals

_____

[1]The Honorable Lyle E. Strom, United States District Judge, District of Nebraska, sitting by designation.

from the district court's[2] refusal to grant him a two-level reduction for a minor role in the offense under United States Sentencing Guideline § 3B1.2 (1997).  We affirm.

## I.

On November 19, 1997, surveillance officers witnessed a drug transaction wherein Ramirez received a white bag from Javier Mayorga and Jose Glass.  Shortly thereafter, the officers recovered fifteen ounces of methamphetamine from Ramirez's car during a consensual search following a traffic stop.  Ramirez was charged with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine.  The indictment alleged a conspiracy from approximately November 1 through November 20, 1997.  The government agreed to dismiss the possession charge and not to charge Ramirez with any other conduct arising from the investigation in exchange for Ramirez's plea on the conspiracy count.  The government stipulated that Ramirez would not be held accountable for methamphetamine discovered in Mayorga's apartment and that the net weight of pure methamphetamine attributable to Ramirez was less than 100 grams.

Based on the amount of methamphetamine recovered from Ramirez's car, the district court found that Ramirez's base offense level was 30.  See USSG § 2D1.1.  The district court granted Ramirez a two-level safety valve reduction, see USSG § 5C1.2, and a three-level acceptance of responsibility reduction, see USSG § 3E1.1, resulting in an adjusted base offense level of 25.  The district court refused to give Ramirez a two-level reduction for minor role in the offense, see USSG § 3B1.2(b), because Ramirez was not less culpable than other participants related to the drugs recovered from Ramirez's car.  Based on Ramirez's criminal history category of I, Ramirez was subject to a sentence between 57 and 71 months in prison.  The district court sentenced

---

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2

Ramirez to 57 months in prison, the bottom of the guideline range. Ramirez now appeals the denial of the two-level reduction for minor role in the offense, arguing that he should not have been sentenced to a longer term of imprisonment than Mayorga, who received a 35-month sentence.

## II.

We apply a mixed standard of review to Ramirez's appeal. We review de novo the district court's legal conclusions stemming from its interpretation and construction of the sentencing guidelines, see United States v. Snoddy, 139 F.3d 1224, 1227 (8th Cir. 1998), and review the factual question of whether a defendant played a minor role in an offense for clear error. See id.; United States v. Lucht, 18 F.3d 541, 555 (8th Cir.), cert. denied, 513 U.S. 949 (1994).

Section 3B1.2(b) provides for a two-level reduction to a defendant's base offense level if his role in the offense is minor. A minor participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). The mitigating role reduction is not applicable, however, "[i]f a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct . . . because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense." Id. comment. (n.4). "The propriety of a [§ 3B1.2] downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense." United States v. Belitz, 141 F.3d 815, 818 (8th Cir. 1998) (internal citation omitted).

The district court noted that Ramirez was held responsible only for the amount of drugs involved in the single episode of his arrest and not those related to the greater

reach of the conspiracy. (See Sentencing Tr. at 6.) The government agreed not to hold Ramirez responsible for the drugs found at Mayorga's apartment later the same day or any other activity uncovered during the investigation. Though Ramirez was charged with conspiracy, he was not sentenced based on the whole conspiracy, and the district court correctly looked only to the conduct for which he was held accountable to determine whether he played a minor role.

> "To take the larger conspiracy into account only for purposes of making a downward adjustment in the base level would produce the absurd result that a defendant involved both as a minor participant in a larger distribution scheme for which [he] was not convicted, and as a major participant in a smaller scheme for which [he] was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme."

Lucht, 18 F.3d at 556 (quoting United States v. Olibrices, 979 F.2d 1557, 1560 (D.C. Cir.1992)). See also id. at 555 (no minor role reduction where defendants "were allowed to plead guilty to the amount of [drugs] with which they were directly involved and were not held accountable for the total amount of drugs involved in the conspiracy"); Belitz, 141 F.3d at 819 (affirming denial of minor role adjustment where defendant was held accountable only for amount of drugs foreseeable to him rather than full amount involved in conspiracy); United States v. Cobblah, 118 F.3d 549, 552 (7th Cir.) (same where defendant was charged only with drugs he picked up rather than drugs involved in larger, ongoing conspiracy), cert. denied, 118 S. Ct. 638 (1997).

Relying on United States v. Isaza-Zapata, 148 F.3d 236 (3d Cir. 1998), Ramirez argues that note 4 of § 3B1.2 is not applicable because he was convicted of conspiracy, the most serious of the charges he faced. He contends that note 4 applies only when a defendant is convicted of an offense that is less serious than the defendant's actual criminal conduct. He also argues that he would not receive a double benefit from

application of the minor role adjustment because he received no benefit from pleading guilty to the conspiracy charge.

Ramirez misconstrues the scope of note 4.  Note 4 applies not only when a defendant is convicted of a less serious offense, but also when the defendant faces a lower base offense level.  See Belitz, 141 F.3d at 819 ("Although he was not convicted of a less serious offense," the minor role reduction is not applicable because the defendant's base offense level was based only on the amount of drugs that was foreseeable to him).  The plea agreement belies Ramirez's argument that the two-level reduction would not provide him a double benefit.  The government agreed not to charge Ramirez with any other offense arising from the investigation of the conspiracy and stipulated that the amount of drugs recovered from Ramirez's car was the total amount that could be attributable to Ramirez.  Though the record is unclear as to the total quantity of drugs involved in the entire conspiracy, Ramirez's reply brief indicates that the entire conspiracy involved "a considerably greater amount of drugs" than the amount recovered from his car.  (See Reply Br. at 6.)  Thus, in exchange for Ramirez's plea to the conspiracy charge, he was guaranteed not to be charged with a greater amount of drugs, which in turn could have increased his base offense level.  Accordingly, the district court correctly applied note 4 to Ramirez's case.

Finally, in reviewing the district court's factual determination that Ramirez was not a minor player, we note that Ramirez's counsel conceded that Ramirez's role as a buyer in the single transaction for which Ramirez was held responsible was not any less culpable than Mayorga's role as the seller.  (See Sentencing Tr. at 7.)  On appeal, Ramirez argues that he had limited understanding and knowledge of the scope of Mayorga's drug operations.  However, Ramirez was well aware of the drugs that he bought from Mayorga.  Hence, we agree that Ramirez was not less culpable than Mayorga with regard to the amount of drugs for which Ramirez was held accountable.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT