# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3476

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Michael Fortino, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2008
Filed: June 13, 2008

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Michael Fortino pleaded guilty to knowingly transporting child pornography in violation of 18 U.S.C. §§ 2252 and 2256. On October 2, 2007, he was sentenced to 135 months' imprisonment and twenty years of supervised release, which was at the low end of his advisory guideline range. The next day, counsel for the government learned that Fortino had fabricated letters of support and submitted them to the district court[1] at sentencing. The government investigated further, and found that Fortino had submitted false documents at sentencing, including a letter of support purporting to be from the parent of one of his victims. Accordingly, the government filed a motion

_____

[1] The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

to vacate the sentence three days after Fortino's sentence had been pronounced.  On October 9, 2007, the district court held an evidentiary hearing to investigate the veracity of the government's fraud allegations.  On October 10, the district court granted the government's motion to vacate the sentence pursuant to Federal Rule of Criminal Procedure 35(a). On October 12, the district court conducted a re-sentencing hearing.  At the close of that hearing, the district court sentenced Fortino to 240 months' imprisonment, the statutory maximum, and supervised release for the remainder of his life.

Pursuant to Rule 35(a), the court may "correct a sentence that resulted from . . . clear error" within seven days after sentencing.  The requirements of Rule 35 are satisfied in this case.  The sentence was corrected within seven days,[2] and the original sentence resulted from clear error occasioned by Fortino's fraud.  Fortino argues that the error was not "clear" because the district court held an evidentiary hearing before vacating the sentence and conducting a new sentencing hearing.  This argument is disingenuous, especially considering that Fortino's conduct caused the problem in this case.  The district court acted prudently by inquiring into the veracity of the government's allegations, rather than simply vacating the sentence upon the government's motion.  If fraud on the court is not the kind of clear error contemplated by Rule 35, we cannot think of one that is.  E.g., United States v. Sadler, 234 F.3d 368, 373-74 (8th Cir. 2000) (discussing Rule 35's clear error component and noting that it is the type of error "which would almost certainly be remanded to the district court for further action").  We affirm the district court.

_____

_____

[2]Pursuant to Federal Rule of Criminal Procedure 45, when computing time periods specified in the rules, we exclude intermediate Saturdays, Sundays, and legal holidays when the period computed is less than eleven days.  Accordingly, the intermediate Saturday, Sunday, and Monday, which was Columbus Day, are excluded between October 3 and October 12, and the district court corrected the sentence on the seventh day after sentencing.