

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2009

# USA v. Shelton Johns

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4507

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Shelton Johns" (2009). *2009 Decisions*. Paper 1119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 08-4507

_____

UNITED STATES OF AMERICA

v.

SHELTON JOHNS,
Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Criminal. Action No. 1-06-cr-00047-001)
District Judge: Honorable. Gregory M. Sleet

_____

Argued May 12, 2009

Before: AMBRO, ROTH, and ALARCÓN,[*] *Circuit Judges*.

(Filed: June 26, 2009)

_____

Christopher J. Burke        **(ARGUED)**
Office of the United States Attorney
1007 North Orange Street, Suite 700
Wilmington, DE 19899-0000
    *Counsel for Appellee*

_____

[*]Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Paul M. Perlstein          **(ARGUED)**
Perlstein Law
P.O. Box 834
Doylestown, PA 18901-0000
   *Counsel for Appellant*

_____

OPINION OF THE COURT
_____

ALARCÓN, <u>Circuit Judge</u>:

Appellant Shelton Johns appeals from the sentence imposed by the District Court following a remand by this Court because of the violation of Rule 35 of the Federal Rules of Criminal Procedure. *See United States v. Johns ("Johns I")*, 282 Fed. Appx. 123, 125-26 (3d Cir. 2008). We will affirm because we conclude that the original sentence imposed by the District Court was reasonable under 18 U.S.C. § 3553(a).

**I**

On November 17, 2006, Johns pled guilty to a one-count felony indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The Presentence Investigation Report calculated the Sentencing Guidelines range at 70 to 87 months. On March 23, 2007, the District Court imposed a below-the-guidelines sentence of 60 months of incarceration and three years of supervised release. The District Court did not sign or enter a written judgment. One week later, on March 30, 2007, it issued a "Notice of Resentencing" *sua sponte*.

At the resentencing hearing, the District Court informed counsel that "the Court is

not going to entertain discussion from either the government or defense." The Court then

stated:

> I have reconvened the sentencing hearing in this case, because, after pronouncing sentence, it occurred to me that I had pronounced my sentence without giving effect to the sentiments expressed by Mr. Johns, Mr. Perlstein [defense counsel], and Ms. Woody, that is Mr. Johns' mother, during the [March 23, 2007] sentencing hearing. In other words, *I had made a mistake* in imposing a sentence of 60 months upon Mr. Johns. *Upon reflecting further on the issue*, I have determined that the appropriate sentence for Mr. Johns is 36 months, rather than the 60 months I imposed during the sentencing hearing.
>
> I believe that a sentence of 36 months more appropriately comports with the underlying goals of sentencing, which include punishment, deterrence, and rehabilitation. Moreover, when applying the 3553(a) factors to Mr. Johns, specifically those factors that direct the Court to consider (1) the nature and circumstances of the offense that Mr. Johns committed in the present case, and (2) the history and characteristics of Mr. Johns, the Court concludes that a sentence of 36 months adequately achieves those goals of sentencing while taking into account those factors I have just described earlier.

(Emphases added.)

## II

The Government filed a notice of appeal from the 36-month sentence set forth in

the District Court's judgment entered on April 20, 2007. Johns filed a notice of cross-

appeal. On June 17, 2008, this Court vacated the sentence. It held that "[b]ecause the

district court did not resentence Johns on or before April 3, 2007, [it] lacked jurisdiction to

sentence Johns to 36 months' imprisonment" in light of Federal Rule of Criminal

Procedure 35. *Johns I*, 282 Fed. Appx. at 125-26. The District Court was directed to reimpose the initial 60-month sentence. Following remand, the District Court imposed the original 60-month sentence. Johns timely appealed.

**III**

Johns' sole argument on appeal is that the 60-month sentence is unreasonable because the District Court stated that it had made a mistake in imposing it. We disagree.

Prior to imposing the original 60-month sentence at the first sentencing hearing, the District Court stated to Johns:

> I have considered all of the facts and circumstances of your life, insofar as they have been reported to me by others who have written on your behalf, and will consider the statements of both your counsel and you and others as well, that were presented in the presentence report and raised in your sentencing memorandum, motion for downward departure, character letters, and statements I am about to hear, all these factors that you point out are relevant under [18 U.S.C. §] 3553(a) and will guide me . . . in determining the proper sentence to impose.

After imposing the original 60-month sentence, the District Court stated:

> I was encouraged, as I listened to your words and witnessed your delivery, that there may be a genuine recognition at this time of your past misdeeds . . . .
> [T]he Court is encouraged . . . by the family support that you have received, both in person and in the form of letters . . . . I have, again, seen some evidence of this in your statements today . . . .

The District Court's explanation that it made a "mistake" in its sentencing decision indicates to us that it had a change of heart regarding the original 60-month sentence.

4

Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Advisory Committee Notes caution, however, that

> [t]he authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . . *The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.*

*Id.* (Advisory Committee Notes, 1991 Amendments) (emphasis added).[1]

We agree with the decisions of the Second Circuit and other Circuits that Rule 35 prohibits second thoughts about sentencing decisions. *See United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995) ("The district court in the instant case changed its mind regarding the severity of [the defendant's] sentence. As a result of Congress' desire to provide a finality to sentencing, such second thoughts, no matter how well intentioned are not the sort of error that [Rule 35(a)] was designed to remedy.") (citation omitted); *see also United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989) ("The power of a district court to amend a sentence does not extend to a situation where the district judge simply

---

[1]The above Advisory Committee Notes referred to Rule 35(c), which is now located at subdivision (a). *See id.* (Advisory Committee Notes, 2002 Amendments).

5

changes his mind about the sentence."); *United States v. Sadler*, 234 F.3d 368, 374 (8th Cir. 2000) ("the district court's attempt to resentence Sadler under [Rule 35(a)] illustrates an impermissible 'change of heart as to the appropriateness of the sentence'") (quoting *Abreu-Cabrera*, 64 F.3d at 72).

In any event, we cannot consider, under the procedural posture of this case, the District Court's comments at the resentencing. *See United States v. Smalley*, 517 F.3d 208, 212-13 (3d Cir. 2008).

Furthermore, we conclude that the original sentence is reasonable under 18 U.S.C. § 3553(a). Following the imposition of the 60-month, below-the-guidelines sentence, the District Court confirmed that it had considered the § 3553(a) factors and that given, among other things, Johns' extensive criminal history, the sentence was appropriate. We agree. At oral argument, Johns' counsel did not argue otherwise, conceding that he has "never argued that 60 months is not a reasonable sentence."

Because the 60-month sentence originally imposed in this matter was reasonable, the judgment of the District Court will be AFFIRMED.