# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1625
_____

United States of America,

*Plaintiff - Appellee*,

v.

Joseph B. Cannon,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: June 11, 2013
Filed: June 26, 2013
_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

This appeal concerns the authority of a district court to alter a sentence once it is imposed. We conclude, under the circumstances of this case, that the district court lacked authority to modify a sentence imposed for Joseph B. Cannon's violation of supervised release. We therefore vacate the court's second amended judgment and direct that the original judgment be reinstated.

Cannon was sentenced to 48 months' imprisonment in June 2008 for unlawful possession of a firearm as a previously convicted felon. He was released and commenced a term of supervised release on December 22, 2011. In March 2012, Cannon admitted a violation of the terms of his supervised release. The district court revoked Cannon's release and sentenced him to 12 months' imprisonment, but subsequently amended its judgment twice, first to impose a sentence of "time served plus 12 months' imprisonment," and later to impose a term of 24 months' imprisonment. Cannon appeals, arguing that the district court lacked authority to resentence him to the longer term of 24 months.

The relevant facts can be stated briefly. On March 9, 2012, a police officer observed Cannon strike a woman in the head with an open hand. The officer arrested Cannon, but he was released and issued a summons to appear one month later in municipal court on a charge of misdemeanor assault. On March 14, 2012, Missouri law enforcement officers again arrested Cannon, this time on a charge of first degree assault arising from an incident on March 11, 2012. Cannon was detained in state custody between March 2012 and February 2013, pending trial on the first degree assault charge. On February 27, 2013, a jury acquitted Cannon of first degree assault.

The next day, the United States moved to revoke Cannon's supervised release. The government alleged that Cannon had violated the conditions of his release by committing the misdemeanor assault on March 9. Cannon admitted the violation, and based on the nature of Cannon's violation and his criminal history, the district court correctly determined an advisory sentencing range of 7 to 13 months' imprisonment. *See* USSG § 7B1.4(a). The government recommended "an additional year of imprisonment however the Court wishes to impose that . . . but in some manner reflecting that Mr. Cannon serve an additional year from today's date with no further supervised release." The court said that it was "willing to follow the recommendation," and sentenced Cannon "to be imprisoned for a term of 12 months," with no additional term of supervised release.

-2-

Within days of sentencing, however, the district court apparently learned that the federal Bureau of Prisons would award Cannon 12 months' credit for time spent in state custody before trial on the felony assault charge, *see* 18 U.S.C. § 3585(b)(2), and thus would release him immediately. On March 19, the court ordered the Marshals Service to hold Cannon in custody pending an appearance for resentencing, and entered an amended judgment sentencing Cannon to "time served plus 12 months' imprisonment."

On March 20, the district court convened a second sentencing hearing. The court explained that it had entered the amended judgment "in response to the bewildering positions that are taken by the Bureau of Prisons in cases like this," and that it was "at a loss about why the Bureau of Prisons refused to accept the Court's positions on concurrent and consecutive time or when the sentence was supposed to run." The court said that it had intended for Cannon to serve 12 months "from the date of our last hearing." To "accomplish that goal," the court resentenced Cannon to 24 months' imprisonment. As authority for amending the judgment, the court cited Federal Rule of Criminal Procedure 35(a). Cannon objected that the court lacked authority to change the original sentence, and he renews that contention on appeal.

A district court may modify a term of imprisonment only in limited circumstances. 18 U.S.C. § 3582(c). One set of circumstances is set forth in Federal Rule of Criminal Procedure 35, *see id.* § 3582(c)(1)(B), which allows a court to correct, within 14 days after sentencing, "a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). This rule, however, does not permit a court "'to reconsider the application or interpretation of the sentencing guidelines'" or "'simply to change its mind about the appropriateness of the sentence.'" *See United States v. Sadler*, 234 F.3d 368, 374 (8th Cir. 2000) (quoting Fed. R. Crim. P. 35 advisory committee's note, 1991 amendments). The authority conferred by Rule 35 is "very narrow," *id.* at 373 (internal quotation omitted), and

extends only to errors that "would almost certainly be remanded to the district court for further action." *Id.* at 374.

There was no reversible error in the district court's original sentence. The record of the first sentencing hearing shows that the court correctly calculated the advisory sentence, considered the policy goals of the sentencing guidelines, and adequately weighed the factors set out at 18 U.S.C. § 3553(a). The government does not assert that the district court here, like the sentencing court in *United States v. Waters*, 84 F.3d 86, 89-91 (2d Cir. 1996), was unaware of the relevant policy statement in the advisory guidelines concerning credit for time served, *see* USSG § 7B1.3(e), and that the court failed to consider it. Nor does the government contend that the court was ignorant of the duty of the Bureau of Prisons to award credit for time that a defendant previously spent in official detention. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). The record of the second hearing, rather, suggests that the court expected the Bureau of Prisons to take some action, but was frustrated that the BOP would not "accept the Court's positions" about "when the sentence was supposed to run." The original sentence, therefore, was not the product of a mistake in the district court's application of the sentencing guidelines or a failure to consider the relevant statutory factors. The government does not urge that the original sentence was substantively unreasonable.

The government does contend that Rule 35(a) authorizes a court to amend a judgment to conform with the sentence that the court "intended to impose on the day of the original sentencing," because such a mistake is a form of "other clear error." To accept this position, however, we must conclude that a court's misunderstanding or mistaken prediction about how the Bureau of Prisons would compute credit for time served in official detention is a sufficient reason to alter a sentence. The Second Circuit reserved judgment on that question in *Waters*, 84 F.3d at 91, but our circuit has drawn the line under Rule 35(a) at sentences that are incorrect or unreasonable as a matter of law, such that they would "almost certainly be remanded to the district court

for further action" in the event of an appeal. *See Sadler*, 234 F.3d at 374. The sentence in this case does not meet that standard.

For these reasons, we vacate the district court's second amended judgment and remand with directions to reinstate the judgment entered on March 12, 2013.

_____