# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2586

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Robert Jett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 12, 2015
Filed: April 15, 2015

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Michael Jett pled guilty to one count of making a false claim against the government, in violation of 18 U.S.C. § 287. After sentencing, Jett moved to have his sentence vacated and/or corrected pursuant to Federal Rule of Criminal Procedure 35(a), arguing he received ineffective assistance of counsel and thus an improperly high sentence because his sentencing counsel failed to raise various mitigating

factors. The district court[1] denied Jett's motion. Jett now appeals that denial, arguing his case should be remanded for resentencing. Because Rule 35(a) may not be used to vacate and amend a sentence based on a claim of ineffective assistance of counsel, we affirm the district court's denial of Jett's motion.

## I.  Background

In December 2013, Jett was charged with one count of making a false claim against the government for filing false or fraudulent tax returns. Jett pled guilty to the count. In his plea agreement, Jett expressly waived his right to appeal his sentence, directly or collaterally, on any ground except claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence.[2]

The district court sentenced Jett to 24 months imprisonment with 3 years supervised release. After sentencing, but before he was taken into custody, Jett filed a Rule 35(a) motion, asking the district court to vacate and/or correct his sentence based on his claim that he received ineffective assistance of counsel at sentencing. The district court considered the merits of Jett's motion and denied it, noting that Jett's sentencing counsel filed relevant motions that addressed the precise issues he claimed his counsel failed to address and that the court thoroughly considered the information in those motions in determining the appropriate sentence. Jett now appeals the district court's merits decision, again arguing his case should be remanded for resentencing because he received ineffective assistance of counsel.

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

[2]By the terms of Jett's agreement, "[a]n 'illegal sentence' includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." R. Doc. 2, at 11.

## II. Discussion

Though Jett's argument focuses on the merits of his ineffective assistance claim, we must first consider whether he could properly bring this claim under Rule 35(a). We review questions of law presented in Rule 35 motions de novo. United States v. Sadler, 234 F.3d 368, 373 (8th Cir. 2000).[3]

Rule 35(a) reads: "Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Rule 35(a) is an exception to the general prohibition against courts modifying terms of imprisonment once imposed. 18 U.S.C. § 3582(c)(1)(B).

Rule 35(a) grants "very narrow" authority to a district court to make corrections "only [in] those cases in which an obvious error or mistake has occurred in the sentence." Fed. R. Crim. P. 35(a) advisory committee's note (1991 amends.) (discussing the limitations of the rule and rejecting a suggested expansion of the rule that "would inject into Rule 35 a degree of post-sentencing discretion which would raise doubts about the finality of determinate sentencing"); see also Dillon v. United States, 560 U.S. 817, 827-28 (2010) (likening 18 U.S.C. § 3582(c)(2), "a narrow exception to the rule of finality," to Rule 35, which "delineates a limited set of circumstances in which a sentence may be corrected or reduced," and, like section 3582(c), is excluded from Federal Rule of Criminal Procedure 43's requirement that a defendant be present at sentencing). "[O]ur circuit has drawn the line under Rule 35(a) at sentences that are incorrect or unreasonable as a matter of law, such that they would 'almost certainly be remanded to the district court for further action' in the

---

[3] Sadler refers to Rule 35(c), which is now Rule 35(a). The 2002 Amendments to Rule 35 deleted the former 35(a) and moved 35(c) to (a). Fed. R. Crim. P. 35(a) advisory committee's note (2002 amends.). The rule was further amended in 2009 to allow for correction of errors within 14 days of sentencing instead of 7. Id. (2009 amends.).

event of an appeal." United States v. Cannon, 719 F.3d 889, 891 (8th Cir. 2013) (quoting Sadler, 234 F.3d at 374). This occurs when, for example, the district court misapplies the sentencing guidelines or fails to consider the relevant statutory factors. See id.; United States v. Ellis, 417 F.3d 931, 933 (8th Cir. 2005) (applying the guidelines as mandatory is the type of clear error to which Rule 35 applies); Sadler, 234 F.3d at 373-74 (district court did not have the authority to reopen a sentence to perform a required alternate calculation because the sentence it imposed was "one of two acceptable sentences within its discretion, neither of which would be reversed on appeal. [This] attempt to resentence [defendant] under Rule 35[a] illustrates an impermissible 'change of heart as to the appropriateness of the sentence' rather than a correction in the application of the guidelines" (quoting United States v. Abreau-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995))).

An ineffective assistance of counsel claim does not fit in Rule 35(a)'s narrow scope. Jett's claim—that his sentencing range was higher than it should have been because his counsel did not vigorously argue on his behalf—is not a claim of arithmetical or technical error. He does not claim, nor could he claim, that his counsel's alleged ineffective assistance makes his sentence incorrect or unreasonable as a matter of law. Ineffective assistance of counsel claims are mixed questions of law and fact that typically should be raised in collateral proceedings under 28 U.S.C. § 2255, where the factual record can be fully developed. Scott v. United States, 473 F.3d 1262, 1263 (8th Cir. 2007) ("Questions of ineffective assistance of counsel are mixed questions of law and fact."); United States v. Lindsey, 507 F.3d 1146, 1148 n.4 (8th Cir. 2007) (per curiam) ("Complaints regarding counsel's performance should be presented, if at all, in a 28 U.S.C. § 2255 proceeding where the record can be properly developed."); United States v. Harris, 310 F.3d 1105, 1112 (8th Cir. 2002) (same).[4]

---

[4]Jett provides little support for his argument that this claim was cognizable under Rule 35(a). His merits argument primarily relies on Glover v. United States,

-4-

## III. Conclusion

Because Rule 35(a) is not the appropriate method for advancing an ineffective assistance of counsel claim, we decline to reach the merits of Jett's claim and affirm the district court's denial of his Rule 35(a) motion.

_____

531 U.S. 198 (2001), a case where the petitioner filed a section 2255 motion to correct his sentence based on ineffective assistance of counsel. Id. at 201. Jett argues that district courts have "plenary," or "absolute and unqualified," authority to amend sentences under Rule 35(a) because the court in United States v. Shakur, 691 F.3d 979 (8th Cir. 2012), compared district courts' "plenary power" to amend final orders under Rule 35(a) for 14 days to the authority granted under Rule 36 to correct clerical errors at any time. See id. at 987. We do not read this reference to Rule 35(a) as a grant of the broad authority Jett suggests, nor did the court's analysis contradict our circuit's clear precedent that a district court's authority to amend a sentence pursuant to Rule 35(a) is limited to errors that make a sentence "incorrect or unreasonable as a matter of law." See Cannon, 719 F.3d at 891. Finally, Jett's motion stated that it did "not constitute a motion for collateral review under 28 U.S.C. § 2255," and he notes that a section 2255 motion was not available to him when he filed his Rule 35(a) motion because he filed it before he was incarcerated. As the availability or unavailability of a section 2255 motion at the time Jett filed his Rule 35(a) motion has no bearing on the rule's proper application, we need not address this point.