# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3413

_____

United States of America

*Plaintiff - Appellee*

v.

James Roy Jacoby

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 23, 2015
Filed: June 30, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

James Jacoby appeals the judgment of the district court,[1] entered after a jury found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C.

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

§§ 922(g)(1) and 924(e), and making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), discussing the district court's decision not to order a psychological evaluation under 18 U.S.C. § 4241 and its rulings with regard to two proposed defense witnesses.

Following careful review, we find no abuse of the district court's discretion because (1) there was no reason for the district court to question sua sponte Jacoby's competence, see United States v. Crawford, 487 F.3d 1101, 1105 (8th Cir. 2007); United States v. Vamos, 797 F.2d 1146, 1150 (2d Cir. 1986), and (2) Jacoby did not establish that he was denied any witnesses "necessary to an adequate defense," see United States v. Mabie, 663 F.3d 322, 329–30 (8th Cir. 2011).

Further, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find only frivolous issues for direct review. To the extent Jacoby wishes to argue that trial counsel was ineffective for failing to request a mental-health evaluation, we agree with appellate counsel that this issue belongs in a post-conviction motion under 28 U.S.C. § 2255. See United States v. Jett, 782 F.3d 1050, 1052 (8th Cir. 2015). Accordingly, we affirm the judgment of the district court.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion after fulfilling the duties set forth in the Amendment.

_____