UNITED STATES of America, Appellee,

v.

Warren McCRAY, Appellant.

No. 87–2630.

United States Court of Appeals, Eighth Circuit.

Submitted April 4, 1988.

Decided June 10, 1988.

Mark C. Meyer, Cedar Rapids, Iowa, for appellant.

Richard L. Murphy, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

PER CURIAM.

Warren McCray appeals his conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1987), entered by the district court[1] pursuant to McCray's guilty plea. McCray seeks a new sentencing hearing before a different judge on the ground that the government breached the plea agreement. We vacate the sentence and remand for resentencing before another judge, as required by *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

On July 20, 1987, after reaching an agreement with the government, McCray

---

1. The Honorable Edward J. McManus, United States Senior District Judge for the Northern District of Iowa.

pleaded guilty to the eighth count of an eight-count indictment. For its part, the government agreed to dismiss the remaining counts and "not [to] make any recommendation as to the sentence to be imposed." The agreement also provided that the government would "stand mute" only at the "initial imposition of sentence and [that the agreement] shall not bind the United States at any other proceeding."

At the sentencing hearing, the district court imposed a term of four years' imprisonment and a $5,000 fine, together with a $50 special assessment. McCray requested that the district court designate him as eligible for early parole under 18 U.S.C. § 4205(b)(1). When the district court inquired into the government's position on McCray's request, the prosecutor stated, "we would resist that and ask that the court's sentence stand as given." The district court then denied the request.

■ The government first contends that McCray's claim is not cognizable on direct appeal because he failed to first file a motion for relief with the district court. *See United States v. Ulland,* 638 F.2d 1150, 1151 (8th Cir.1981). We disagree. Whether or not this requirement is to be strictly interpreted, *see United States v. Benson,* 836 F.2d 1133, 1135–36 (8th Cir.1988), McCray did present this claim to the district court in his application for release pending appeal. In its order of December 3, 1987, denying McCray's application, the district court found McCray's claim without merit. In this context a Fed.R.Crim.P. 35 or similar motion would have served no useful purpose.

■ Once a plea has been entered and it "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." *Santobello,* 404 U.S. at 262, 92 S.Ct. at 499. The government argues that it complied with the agreement because it remained silent until after the district court imposed the sentence, commenting only on the manner in which it should be executed. We find this distinction hypertechnical.

In *United States v. Carbone,* 739 F.2d 45 (2d Cir.1984), the government agreed to make no recommendation as to sentence, but objected to the defense counsel's request for a suspended sentence under 18 U.S.C. § 3651 made after the court had announced the sentence. *Id.* at 46. The Second Circuit found that the government had breached the agreement, stating, "[t]he most straightforward interpretation of the government's promise to 'make no recommendation * * * as to the sentence * * *' is that it would cover the entire sentencing hearing." *Id.* at 47; *see United States v. Corsentino,* 685 F.2d 48, 52 (2d Cir.1982). The Second Circuit also noted that if the government had wished to restrict its promise only to the time prior to the district court's announcement of the sentence, it could have so provided. *Carbone,* 739 F.2d at 47. In addition, McCray's agreement expressly provided that the government would not be bound at "any other proceeding," implying that the government agreed to be bound for the entire sentencing hearing.

The government urges us to adopt the reasoning followed in *United States v. Miller,* 565 F.2d 1273 (3d Cir.1977), *cert. denied,* 436 U.S. 959, 98 S.Ct. 3076, 57 L.Ed.2d 1125 (1978), in which the Third Circuit drew a distinction between a promise to "make no recommendation as to sentence" and a promise to "take no position on sentencing." *See id.* at 1275. We decline to do so for the reasons stated in Judge Stern's dissent. *See id.* at 1275–76 (Stern, J., dissenting).

■ When the government breaches its promise to remain silent at sentencing, resentencing is required. *See United States v. Brody,* 808 F.2d 944, 948 (2d Cir.1986). The fact that the district court stated that the government's remark did not influence its decision does not ameliorate the government's breach. *See Santobello,* 404 U.S. at 262–63, 92 S.Ct. at 498–99 ("the interests of justice and appropriate recognition of the duties of the prosecution * * * will be best served by remanding the case" despite sentencing judge's statement that he was not influenced by the govern-

ment's recommendation). The Supreme Court also instructs us that when the government breaches a plea agreement, the defendant is entitled to be resentenced by a different judge. *Id.* at 263, 92 S.Ct. at 499. As the Court stated, "[w]e emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not the sentencing judge." *Id.*

The sentence is vacated, and the case is remanded for resentencing before a different judge in accordance with the procedures of the Northern District of Iowa.