Arthur James "Dinkey"
BRUNELLE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 88–5138.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 8, 1988.

Decided Nov. 21, 1988.

Joel F. Arnason, Grand Forks, N.D., for appellant.

Dennis D. Fisher, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before HEANEY, BOWMAN and BEAM, Circuit Judges.

PER CURIAM.

Arthur James Brunelle appeals from the district court order granting his motion for habeas corpus, brought pursuant to 28 U.S.C. § 2255, with respect to the government's breach of a plea agreement but denying Brunelle's request for a new sentencing hearing before a different judge. We vacate the sentence and remand for resentencing before another judge, as required by *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

On March 19, 1985, Brunelle pleaded guilty to one count of felony theft and one count of filing a false police report with the Bureau of Indian Affairs. The charges arose out of the beating death and burglary of an Indian man on the Turtle Mountain Indian Reservation in North Dakota. In return for Brunelle's agreement to cooperate in the prosecution of a codefendant, two other counts of the four count indictment had been dismissed and the government had promised it would recommend an "unspecified period" of incarceration. At the sentencing hearing, in response to defense counsel's sentencing recommendation, the government stated the following:

> With those comments and my, and * * * the Government's plea agreement with this man, we recommend that, we would say an unspecified period of incarceration was appropriate. I don't minimize it, though, on one count as [Brunelle's counsel] does. That was an effort to cover his tracks and he was the instigator and think man in this group and should not miss his position in the peck-

ing order, Judge. The ten year maximum here, consecutive sentencing, that would be perfectly appropriate.

\* \* \* \* \* \*

I think appropriate consecutive sentence would be in order in this case. I don't know whether you have to give the maximum to begin with to get a consecutive sentence. More than five years is appropriate in the case like this, given this man's background, history, presentence report.

The court sentenced Brunelle to imprisonment for a period of five years on each count to be served consecutively.

■ Brunelle, pro se, filed the instant 28 U.S.C. § 2255 motion claiming breach of the plea agreement.[1] No specific relief was requested. The district court, without an evidentiary hearing, found that, although the government's comments had no effect on the court's sentencing decision, there was a breach of the plea agreement. The court offered Brunelle only the option of withdrawing his plea. Brunelle filed a notice of election requesting specific performance, resentencing before a different judge, rather than withdrawal of his guilty plea. The court denied Brunelle's request because that alternative was not an option given Brunelle, and dismissed the section 2255 motion. This appeal followed.

The district court properly concluded that the government breached the plea agreement entered into by Brunelle. *Cf. Santobello*, 404 U.S. at 259–262, 92 S.Ct. at 497–499 (government breached plea agreement to make no recommendation by recommending maximum sentence); *United States v. McCray*, 849 F.2d 304, 305 (8th Cir.1988) (per curiam) (government breached its agreement to remain silent by objecting to defendant's request for early parole). Moreover, "[t]he fact that the district court stated that the government's remark did not influence its decision does not ameliorate the government's breach." *McCray*, 849 F.2d at 305.

In *United States v. Benson*, 836 F.2d 1133, 1136 (8th Cir.1988), this court held

that resentencing is required if a plea agreement has been "substantively" violated. *See also United States v. Brody*, 808 F.2d 944, 948 (2d Cir.1986) (specific performance required where the "essence" of the plea agreement has been violated). The decision to be made by the district court, under the discretion accorded by *Santobello* as to the choice of remedies, is whether withdrawal of the plea should be allowed as an alternative. *See Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. Once a plea has been entered and "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499.

■ The government asserts that the plea agreement was not substantially violated because Brunelle received the benefit of his bargain, dismissal of two of the four counts in the indictment. The government also argues that in making its sentencing recommendation, it was merely performing its duty to clear inaccuracies in defense counsel's statements to the court. We find these arguments to be without merit. Whenever the government breaches a plea agreement with respect to a sentence recommendation, as in the present case, a substantive violation has occurred and at the least, resentencing before a different judge is required. *See Santobello*, 404 U.S. at 262–63, 92 S.Ct. at 499; *McCray*, 849 F.2d at 305–06.

Accordingly, the sentence is vacated and the case is remanded for resentencing before a different judge with instructions that the government abide by the plea agreement and additionally refrain from bringing Brunelle's original sentence to the attention of the sentencing court.

---

1. The district court's disposition of Brunelle's   other claims is not challenged on appeal.