**UNITED STATES of America, Appellee,**

v.

**Steven VAN HORN, Appellant.**

**No. 91–3854.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1992.
Decided Oct. 9, 1992.

---

John C. Vanderslice, Lincoln, Neb., argued, for appellant.

Alan L. Everett, Lincoln, Neb., argued, for appellee.

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Steven Van Horn appeals the sentence imposed by the United States District Court for the District of Nebraska. He was convicted under 18 U.S.C. §§ 842(i) and 844(a) which proscribe any person who has previously been committed to a mental institution from shipping or receiving any explosive material in interstate commerce. Pursuant to a plea agreement, Van Horn pleaded nolo contendere to a one-count indictment and was found guilty by the district court. The government urged the district court to depart upward from the sentencing range prescribed by the United States Sentencing Guidelines ("guidelines"). The court did in fact depart upward to sentence Van Horn to forty-one months imprisonment. Van Horn claims that the government breached the plea agreement by recommending an upward departure from the guideline range. For the following reasons, we vacate the sentence and remand for resentencing before another judge.

## I. BACKGROUND

Van Horn was charged by indictment dated July 18, 1990, with one count of violating 18 U.S.C. §§ 842(i) and 844(a). On March 11, 1991, Van Horn, who was then pro se, pleaded guilty to the charge and the district court scheduled a sentencing date for June 18, 1991.

The probation office prepared a presentence report ("PSR") on April 5, 1991. In the PSR, the offense level was calculated by adding a ten-level enhancement to the base offense level of six, pursuant to the guidelines then in effect, U.S.S.G. § 2K1.3(b)(4) (Nov.1991) (App. C amendment 373), because Van Horn was a person prohibited from trafficking in explosives under 18 U.S.C. § 842(i), having previously been committed to a mental institution. A two-level enhancement for obstruction of justice was also added. Thus, the probation office calculated a total offense level of eighteen and a criminal history category

of I.[1] Under the guidelines, this results in a sentencing range between twenty-seven and thirty-three months. The PSR also noted aggravating factors that might have warranted an upward departure from the guideline range. Before sentencing, however, the court permitted Van Horn to withdraw his guilty plea.

Subsequently, Van Horn entered into a plea agreement with the government under which Van Horn was to plead nolo contendere to the charge contained in the indictment. Van Horn's attorney set out the terms of the plea agreement in a letter to the prosecutor dated September 5, 1991. The plea agreement provides in pertinent part:

> 2. In exchange for Mr. Van Horn's plea, the Government will agree not to seek an upward departure from the Offense Level which is ultimately calculated, pursuant to the United States Sentencing Guidelines, on Mr. Van Horn's case by the United States Probation Office. Furthermore, the Government will not recommend to the Court that Mr. Van Horn be sentenced to any specific number of months within the range allowed under the specific Offense Level calculated on Mr. Van Horn's case (*e.g.*, the Government will not recommend to the Court that Mr. Van Horn be sentenced at the "upper end" of the range of months permitted under the Guidelines).

Appellee's Brief, Addendum at 3. After making appropriate findings under Rule 11 of the Federal Rules of Criminal Procedure, the district court accepted the plea on September 12, 1991, and set a hearing date for sentencing and for consideration of the plea agreement.

At the sentencing hearing on December 10, 1991, the district court substantially adopted the sentencing range calculations in the PSR, but sustained Van Horn's constitutional objection to the ten-level enhancement for having previously been committed to a mental institution. Transcript of Sentencing at 11–12. The court then recalculated the total offense level by adding to the base offense level of six a two-level enhancement for obstruction of justice and a four-level enhancement for conduct involving a false or fictitious statement under U.S.S.G. § 2K1.3(b)(1). *Id.* at 14–17. Thus, the court arrived at a total offense level of twelve and a criminal history category of I. Under the guidelines, this combination results in an imprisonment range of ten to sixteen months.

After losing its argument on the constitutionality of the ten-level enhancement, the government urged an upward departure from the guideline range accepted by the court. The government claimed that the plea agreement did not bar its sentencing recommendation, stating:

> Your Honor, the plea agreement in this case limits the comments I can make at sentencing. The government in this case agreed not to ask for upward departure from the guideline range as calculated by the probation office. I think that because the Court has determined to use or at least start from a guideline range significantly below that calculated by the probation office, that it's fair for me to urge upward departure from this lower sentencing guideline range, and I do so.

Transcript of Sentencing at 32–33.[2] Van Horn objected to the government's argument urging upward departure, claiming that it violated the plea agreement, but

---

**1.** According to the briefs filed by the parties, the original presentence report erroneously calculated an offense level of twenty-two by including both the ten-level enhancement under U.S.S.G. § 2K1.3(b)(4) and a four-level enhancement under U.S.S.G. § 2K1.3(b)(1). Appellant's Brief at 4; Appellee's Brief at 1. Under the guidelines, if more than one enhancement pursuant to section 2K1.3(b) applies to the conduct, only the greater enhancement is to be used in calculating the total offense level. The record is unclear on the point, but apparently at some time before the presentence report was filed the

probation office revised its original calculation of the offense level to omit the four-level enhancement. *See* Presentence Report at 4 ¶¶ 15–23; Transcript of Sentencing at 16–17.

**2.** We note on appeal that pages twenty through thirty-nine of the Transcript of Sentencing have been mistakenly substituted for pages twenty through thirty-seven of the Transcript of Plea (September 12, 1991). We will cite to the correct pagination.

stated that he did not wish to withdraw his plea. The court then accepted the plea agreement, found Van Horn guilty, and sentenced him to forty-one months imprisonment, an upward departure from the ten- to sixteen-month guideline range. After the court passed sentence, Van Horn moved to withdraw his plea and asked the court to set aside the conviction. The district court denied the motion. This appeal followed.

## II. DISCUSSION

 If a plea accepted by the court "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Van Horn claims that the government broke its promise by urging the district court to depart upward from the guideline range and that he is therefore entitled to be resentenced before a different judge.[3]

 The government maintains that it did not violate the plain terms of the plea agreement because the district court did not accept the offense level recommendation in the PSR. The government argues that because the offense level accepted by the district court is lower than the offense level recommended in the PSR, the level accepted by the court was not "ultimately calculated ... by the States Probation Office." We find this reasoning hypertechnical and unreasonable.

We rejected a similar line of reasoning in *United States v. McCray*, 849 F.2d 304 (8th Cir.1988). In *McCray*, the government agreed " 'not [to] make any recommendation as to the sentence to be imposed' "

only at the " 'initial imposition of sentence [providing that the agreement] shall not bind the United States at any other proceeding.' " *Id.* at 305 (quoting McCray's Plea Agreement). We found that the government breached the agreement at the sentencing hearing by opposing McCray's request for early parole status under 18 U.S.C. § 4205(b)(1). We rejected as hypertechnical the government's argument that it complied with the agreement because it remained silent until after the district court imposed a prison sentence, commenting only on the manner in which it should be executed. The distinction the government seeks to make here is as thin as the distinction asserted in *McCray*.

In this case, the ultimate calculation of the offense level was made at the sentencing hearing on December 10, 1991, but the district court could not have arrived at a total offense level of twelve without the computations of the probation office. Every component of the total offense level accepted by the district court was recommended by the probation office in the PSR.[4] It is circuitous to suggest that because one of the recommendations in the PSR was rejected by the district court, the ultimate offense level was calculated in any way other than "by the United States Probation Office." Accordingly, we find that the government violated the terms of the plea agreement when it urged the district court to depart upward from the guideline range in sentencing.

 Since the government breached its promise not to recommend an upward departure, we must remand for resentencing. *McCray*, 849 F.2d at 305. The government points out that the reasons it put forward in its statement were already identified in the PSR as grounds for upward departure.

---

**3.** Although Van Horn claims in his brief that the government's breach entitles him to withdraw his plea, he dropped this claim at oral argument and now asks only to be resentenced before a different judge. Even if Van Horn had not dropped this claim, he waived any right he may have had to withdraw his plea when he specifically reaffirmed his plea after the government recommended an upward departure. *See United States v. Vogt*, 901 F.2d 100, 102–03 (8th Cir.1990).

**4.** When the district court rejected the ten level enhancement in the PSR of April 5, 1991, the government suggested, and the court found, that pursuant to the original PSR the offense level should be enhanced by four for conduct involving false or fictitious statements. Transcript of Sentencing at 14–17.

Appellee's Brief at 8. However, under *Santobello*, the fact that the district court may not have been influenced by the government's comments is immaterial. 404 U.S. at 262–63, 92 S.Ct. at 499. "[T]he interests of justice and appropriate recognition of the duties of the prosecution" entitle Van Horn to be resentenced by a different judge. *Id.*

■ We emphasize that the fact that this case must be remanded for resentencing does not reflect at all on the decision of the district court. It is appropriate to note that Van Horn does not challenge the reasonableness of his sentence under the guidelines nor does he contend that the district court relied on any improper factors in making its determination to depart upward from the guideline sentencing range.

We find that the district court relied on entirely appropriate factors to support an upward departure:

> The explosive device used in the commission of this offense was one capable of seriously injuring and killing one or more other persons. It was a pipe bomb. It in fact endangered other people. It did not injure nor kill anyone, but endangered them. Mr. Van Horn also wrote threatening letters, at least two, perhaps three or more. Those threatening letters as well as acts that are documented of Mr. Van Horn by way of harassment and— well, harassment of Jane Van Horn and threatening letters to her as well as to Andy Allen suggest a rage in Mr. Van Horn that has to be taken into account in the passing of a sentence.

Transcript of Sentencing at 35. From the record, it appears that Van Horn is a threat to society, in particular to his ex-wife and her boyfriend, and that he may pose a risk of harm to everyone connected with this case. Thus, the district court could easily find that the criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit other crimes.

■ Under these circumstances, a sentence of at least forty-one months is patently reasonable and justified. As the Su-preme Court stated, "[w]e emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. The government must be held to the promises it makes in plea agreements.

### III. CONCLUSION

For the reasons discussed above, the sentence is vacated and the case is remanded for resentencing before a different judge.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

The government agreed that it would not seek an upward departure from the offense level calculated under the Guidelines by the United States Probation Office. While the probation office's first calculation of 41–51 months was in error and later amended to 27–33 months, the district court sustained a defense objection to one of the increases, the result of which was an adjusted offense level of 12 with a guideline range of 10–16 months. At that point, the offense level was not that calculated by the probation office, and this was what the United States Attorney had agreed was the condition for its agreement not to seek an upward departure.

The agreements in *Santobello* and *McCray* were similar, that if the defendant pleaded guilty to a lesser-included offense in *Santobello* or to one count in *McCray*, the prosecutor would make no recommendation. These were simple, easily understood agreements that were breached. The agreement in this case was a more complex one and was conditioned upon the calculations of the United States Probation office. I cannot agree that it was hypertechnical and unreasonable to say that there was no breach of this agreement.

I would affirm the sentence imposed. I must add that under all of the circumstances in this case and the serious likelihood of killing one or more persons with

the pipe bomb, the departure was most restrained.