**Duane Charles WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 92–3093.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1993.

Decided July 6, 1993.

---

John A. Schlimgen, Sioux Falls, SD, argued, for appellant.

Thomas J. Wright, Asst. U.S. Atty., Sioux Falls, SD, argued, for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Duane White pleaded guilty to various federal drug charges in 1990. In this appeal, he attacks his sentence for those crimes. We affirm.

### I.

White and three others (Ed Arndt, Kathleen Hofer, and Charles Hewitt) were indicted in July, 1990, for various federal drug offenses. Police discovered their cocaine distribution conspiracy when an informant purchased seven grams of cocaine from White. On this and other information, local police obtained search warrants for White and Arndt's place of business and for Arndt and Hofer's home. When the police served the warrant on White at the business, he agreed to cooperate and told authorities that his drug source was to arrive that night at the Sioux Falls airport. White also went to the Arndt/Hofer residence where he collected from Hofer 140 grams of cocaine, which he turned over to police. Later that evening, White gave the authorities 28 grams of cocaine from his residence. He then accompanied narcotics detectives to the airport for the arrest of Hewitt, who arrived that night with 170 grams of cocaine. On the night of his arrest, White delivered to police or admitted specific knowledge of approximately 460 grams of cocaine.

On October 9, 1990, White pleaded guilty to distributing 7 grams of cocaine, and he was initially sentenced in December, 1990. The district court used the 460–gram total quantity to calculate White's sentence. This placed White at offense level 24, which was reduced by two levels based on White's acceptance of responsibility. *See* U.S.S.G. § 2D1.1(c)(10), § 3E1.1. Given his criminal history category of IV, White's sentencing range was set at 63–78 months. On this basis and in accord with the government's suggestion that White should be sentenced at the lower end of the range, the judge imposed a sentence of 63 months. In December, 1991, the government filed a Rule 35(b) motion to reduce the sentence based on changed circumstances, and the court re-

sponded by reducing the sentence to 41 months.

White subsequently filed a motion, pursuant to 28 U.S.C. § 2255, attacking his sentence. He alleged that, in calculating his sentence, the court improperly considered greater amounts of cocaine than it should have. White filed the motion in conjunction with a separate motion for reconsideration of the sentence reduction, in which he sought a greater reduction. The district court denied both motions, along with White's motion for change of judge. White appeals these rulings.

## II.

■ White maintains that calculating his initial sentence based on 460 grams breached the amended plea agreement that he entered into with the government. He contends that the appropriate quantity for sentencing consideration was 147 grams, the amount that police would have discovered without his cooperation on the night of his arrest. We reject this contention based on the terms of the plea agreement, as well as on Section 1B1.8 of the Sentencing Guidelines which the agreement incorporates.

The amended plea agreement stated that the Court may "take into consideration the defendant's conduct that was part of the same course of conduct or common scheme or plan as the offense of conviction, and that defendant was involved with quantities of cocaine in addition to those reflected in the count of conviction (7 grams)." Section 1B1.8(a) of the Guidelines provides that a plea agreement stipulating that information supplied pursuant to the agreement will not be used against the defendant in sentencing, as this agreement does, will be honored. Subsection (b)(1) of the same Guideline states, however, that this does not "restrict use of information [ ] known to the government prior to entering the cooperation agreement", U.S.S.G. § 1B1.8(b)(1), and the plea agreement incorporates this exact language. This agreement, which was not entered into until October, 1990, therefore clearly contemplated inclusion of the quantities of cocaine disclosed on the night of White's arrest.

White relies on other specific language in the plea agreement in an effort to avoid the clear import of the provisions of that agreement just discussed. White points to the final paragraph of the plea agreement which states that White sold seven grams of cocaine to the informant and that law enforcement officers would have recovered another 140 grams without White's assistance. The paragraph goes on to state that "[o]ther quantities of cocaine referred to in the indictment and part of the same course of conduct would be excluded or discounted, since but for the cooperation and information provided by this defendant," these would not likely have been discovered. White therefore argues that this language shows that the government contemplated calculating his sentence based on only 147 grams. But White's argument takes this paragraph out of context. This discussion immediately follows and is explicitly linked to an undertaking by the government that it would file a Rule 35(b) motion in the event White provided future cooperation. A 35(b) motion, which the government can make only after imposition of the sentence, seeks a reduction based on "a defendant's subsequent, substantial assistance in the investigation or prosecution of another". Fed.R.Crim.P. 35(b). White's plea agreement stated that the government might move to reduce the sentence to an offense level as low as 16, depending on the extent of his cooperation. The agreement went on to explain how level 16 could be justified as corresponding to the 147 grams that would have been recovered without White's cooperation (Level 18 for involvement with a quantity between 100 and 200 grams, less the two-level reduction for acceptance of responsibility). The reference to 147 grams is not related to any other provision of the agreement, and White's argument that he was led to believe that these were the quantities that would be taken into account in his sentencing is contrary to the clear language of the agreement. Indeed, the government would not have contemplated a 35(b) motion for a reduction to offense level 16 if, as White contends, the plea agreement provided that he would be sentenced at that level initially.

### III.

White next contends that the government breached its plea agreement by not recommending a greater sentence reduction in its Rule 35(b) motion. The amended plea agreement stated that White had made representations to the United States with respect to further cooperation he could provide. It provided that the government would "evaluate the extent and nature of the defendant's cooperation ... and that if persuaded that [White's cooperation] constitutes further substantial assistance" the government would move, pursuant to Rule 35(b), to reduce White's sentence "to a term of imprisonment within an offense level two (2) levels below the level imposed at the defendant's initial sentence or within the range of offense level 16 whichever is lower".

Although the government submitted a Rule 35(b) motion, it characterized White's "post-plea" information as "limited" and "less specific and less valuable than the government had expected." Based on this assessment, the government recommended only a two-level reduction, which would have lowered White's offense level to 20. Stating that it was granting the government's motion, the court reduced White's sentence to 41 months. The court's order reveals a factual error, however, for it states that a two-level reduction results in an offense level of 18. The 41–month sentence is consistent with an offense level of 18, but not with one of 20. We need not determine the court's precise thinking regarding the reduction because any error by the court works to White's benefit, and the government has not complained about this matter. We believe, moreover, that the government's Rule 35(b) motion did not breach the plea agreement with White. That agreement gave the government sole discretion to determine whether White had provided "substantial assistance." It clearly stated that the recommendation for reduction to level 16 was contingent on the prosecutor's determination that White provided such assistance. The prosecutor's decision is unassailable under the express terms of the agreement.

### IV.

White asserts that he is entitled to be sentenced by a different judge because the government breached its plea agreement. *See U.S. v. McCray*, 849 F.2d 304, 305–06 (8th Cir.1988); *Brunelle v. United States*, 864 F.2d 64, 65 (8th Cir.1988). Because we find that the government did not breach the plea agreement, White is not entitled to be sentenced by a different judge.

### V.

For these reasons we affirm.