# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3694
_____

United States of America

*Plaintiff - Appellee*

v.

Jesus Lara

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: June 7, 2013
Filed: June 20, 2013
[Published]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Jesus Lara appeals the sentence imposed by the district court[1] after this court's remand in *United States v. Lara*, 690 F.3d 1079 (8th Cir. 2012). Counsel has moved

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Lara has filed a pro se supplemental brief and moved for appointment of new counsel. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In May 2011, Lara pled guilty to distributing a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). He was sentenced to 130 months in prison and five years of supervised release. Lara appealed. This court held that the district court plainly erred in allowing the government to introduce evidence of a drug quantity greater than that in the plea agreement. The judgment was vacated and the case remanded for resentencing before a different judge. *See Lara*, 690 F.3d at 1083. The district court conducted a resentencing hearing and sentenced Lara to 120 months in prison, three years of supervised release and a $10,000 fine.

Lara believes the district court erred procedurally in denying him a two-level minor-role adjustment. The district court correctly concluded that the § 3B1.2 reduction did not apply because at resentencing Lara "was held responsible only for the amount of drugs involved in the single episode of his arrest and not those related to the greater reach" of his criminal activity. *United States v. Ramirez*, 181 F.3d 955, 956 (8th Cir. 1999). *See also United States v. Lucht*, 18 F.3d 541, 556 (8th Cir. 1994) ("To take the larger conspiracy into account only for purposes of making a downward adjustment in the base level would produce the absurd result that a defendant involved both as a minor participant in a larger distribution scheme for which she was not convicted, and as a major participant in a smaller scheme for which she was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme." (quoting *United States v. Olibrices*, 979 F.2d 1557, 1560 (D.C. Cir. 1992)); USSG § 3B1.2 cmt n. 3(b) ("If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted . . .").

Lara also objects on appeal to the fine. The law-of-the-case doctrine did not preclude the district court from imposing the $10,000 fine. This court's opinion vacated Lara's sentence and remanded for a *de novo* resentencing. The district court was not required to impose the same sentence upon remand once the Court of Appeals remanded for *de novo* resentencing. *Pepper v. United States*, 131 S. Ct. 1229, 1251 (2011) (because district court's original sentencing intent may be undermined by altering one portion of calculus, appellate court, when reversing one part of defendant's sentence, may vacate entire sentence so that, on remand, trial court can reconfigure sentencing plan to satisfy statutory sentencing factors).

As for Lara's general attack on the substantive reasonableness of the sentence, the imprisonment was at the lower end of the guidelines range, with the fine below the range. We find the sentence substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc).

A review of the record under *Penson v. Ohio*, 488 U.S. 75 (1988), reveals no additional nonfrivolous issues for appeal.

The judgment of the district court is affirmed, counsel is granted leave to withdraw, and the motion for appointment of new counsel is denied.

_____