# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1020

_____

United States of America

*Plaintiff - Appellee*

v.

Haldon Gilkes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 26, 2013
Filed: September 10, 2013
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Haldon Gilkes pleaded guilty to conspiring to distribute 100 kilograms of marijuana in violation of 21 U.S.C. § 846. The district court[1] sentenced him to the

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

mandatory minimum sentence of 60 months in prison with four years of supervised release. On appeal, Gilkes's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Gilkes has filed a pro se brief. For the following reasons, we reject the arguments that they have raised.

First, there is no basis for concluding that Gilkes was not mentally competent to enter a plea, cf. United States v. Denton, 434 F.3d 1104, 1112 (8th Cir. 2006) (standard of review for competency determination), and, second, to the extent the briefs raise ineffective-assistance claims, we decline to consider them, see United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings).

Third, as to the argument that Gilkes was induced to plead guilty through the misrepresentation that he would receive credit for time served, he did not present the claim in the district court before this appeal, see United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea must first be presented to district court, and is not cognizable on direct appeal), and he has not filed a new or amended appeal from the district court's order denying his post-judgment motion requesting such credit. In the interest of judicial economy, however, we consider the argument nevertheless, and conclude that Gilkes's guilty plea was voluntary and not induced by misrepresentation: once the agreement was reduced to writing, it was clear that credit for time served was not part of the agreement, and that the terms of the agreement superseded any prior understandings; Gilkes did not refuse to enter into the agreement and did not raise the issue during his plea hearing; and Gilkes did not seek to withdraw his plea at sentencing, when it was made clear that whether he received credit for time served was at the discretion of the Bureau of Prisons. See Brady v. United States, 397 U.S. 742, 748, 755 (1970) (guilty pleas must be voluntary; plea of guilty entered by one fully aware of consequences must stand unless induced by misrepresentation); United States v. Lara, 690 F.3d 1079, 1081 (8th Cir. 2012) (plea agreements are essentially contracts between government and defendant); United

States v. Raifsnider, 663 F.3d 1004, 1010 (8th Cir. 2011) (integration clause in plea agreement normally prevents defendant from asserting that government made oral promises to him not contained in plea agreement itself). Because Gilkes's plea was voluntary, his speedy-trial claim is waived. See United States v. Seay, 620 F.3d 919, 922 (8th Cir. 2010) (voluntary plea of guilty constitutes waiver of all nonjurisdictional defects, and right to speedy trial is nonjurisdictional in nature).

As to the argument that the district court participated in plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1), no plain error occurred, as any error did not affect Gilkes's substantial rights because the court thoroughly reviewed and explained his rights, and Gilkes repeatedly confirmed that he wanted to plead guilty and that he understood that the decision to do so rested with him alone. See United States v. Davila, 133 S. Ct. 2139, 2143, 2149-50 (2013) (defendant who does not object to Rule 11(c)(1) violation in district court must satisfy plain-error rule on appeal by showing that error affected his substantial rights); United States v. Uribe-Londono, 409 F.3d 1, 4 (1st Cir. 2005) (finding no plain error in district court's inquiry about plea negotiations).

After reviewing the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and affirm the judgment.

_____