# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1416
_____

United States of America

*Plaintiff - Appellant*

v.

Bruce Swisshelm

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 17, 2016
Filed: February 22, 2017

_____

Before RILEY, Chief Judge, WOLLMAN and KELLY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Bruce Swisshelm pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of money laundering, in violation of 18 U.S.C. § 1957, and was sentenced to a term of twelve months and one day of imprisonment on each count, to run concurrently. The government appeals from the sentence, contending that Swisshelm violated the parties' plea agreement by arguing for a sentence below the range calculated under the United States Sentencing

Guidelines Manual (U.S.S.G. or Guidelines).  We vacate the sentence and remand for resentencing before a different judge.

I.

Swisshelm and the government entered into a written plea agreement, under which Swisshelm agreed to plead guilty to one count of bank fraud and one count of money laundering and the government agreed not to bring any additional charges or seek additional sentencing enhancements.  The agreement contemplated that the United States Probation Office would prepare a presentence report (PSR) that would inform the district court of Swisshelm's advisory Guidelines sentencing range.  Under ¶ 10(g) of the agreement, the government agreed not to "seek an upward departure from the Guidelines or a sentence outside the Guidelines range," and Swisshelm agreed not to "seek a downward departure from the Guidelines or a sentence outside the Guidelines range."  The PSR calculated a total offense level of 25, a criminal history category of I, and an advisory sentencing range of 57 to 71 months' imprisonment.  The district court adopted the findings set forth in the PSR.

Notwithstanding the plea agreement's unambiguous terms, Swisshelm argued for a below-Guidelines sentence, both in his sentencing memorandum and during the sentencing hearing.  Swisshelm also submitted letters from members of his community attesting to his character, almost all of which opined that he should not receive any sentence of incarceration.  The government several times objected to Swisshelm's contra-bargain requests during the sentencing hearing, directing the court's attention to ¶ 10(g) of the agreement.  Defense counsel responded by saying that she believed that the agreement allowed her to argue for a variance, whereupon the court instructed her to continue with her argument.  The district court ultimately varied downward from the Guidelines range and imposed the sentence set forth above.

The government argues that Swisshelm's sentencing memorandum, the letters submitted therewith, and defense counsel's request for a downward variance violated the plea agreement. It asks that the case be remanded for resentencing before a different judge. Swisshelm now concedes that his sentencing-hearing argument for a below-Guidelines sentence violated the plea agreement, describing the violation as "inadvertent," a characterization the record belies. He argues that his breach did not affect the district court's decision and that if remanded for resentencing, the case need not be assigned to a different judge.

## II.

"We review questions regarding the interpretation and enforcement of plea agreements *de novo*. Where a plea agreement has been accepted by the court, we generally interpret the meaning of the terms in the agreement according to basic principles of contract law." United States v. Mosley, 505 F.3d 804, 808 (8th Cir. 2007). A number of decisions have addressed a prosecutor's breach of a plea agreement. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). The prosecution's breach of a plea agreement implicates the defendant's due-process right, as well as "the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996) (quoting United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986)). We have held that the appropriate remedy for a prosecutor's breach is a remand for resentencing before a different judge, or, subject to the defendant's election and the district court's discretion, withdrawal of the plea agreement. Mosley, 505 F.3d at 812; United States v. Van Horn, 976 F.2d 1180, 1183-84 (8th Cir. 1992); Brunelle v. United States, 864 F.2d 64, 65 (8th Cir. 1988) (per curiam); United States v. McCray, 849 F.2d 304, 305-06 (8th Cir. 1988) (per curiam). Whether the breach of the plea

agreement actually influenced the district court's sentencing decision is immaterial. Mosley, 505 F.3d at 810-11; Van Horn, 976 F.2d at 1184; Brunelle, 864 F.2d at 65; McCray, 849 F.2d at 305.[1]

We have not yet decided the appropriate remedy for the defendant's breach of a plea agreement. Other circuits have come to differing conclusions on this question. Compare United States v. Williams, 510 F.3d 416, 427-28 (3d Cir. 2007) (applying same remedy to defendant's breach as to government's breach and remanding to a different judge for resentencing), United States v. Bowe, 257 F.3d 336, 346 (4th Cir. 2001) (remanding to district court to determine whether appropriate remedy for defendant's breach was specific performance, withdrawal of plea, or other equitable relief), and United States v. Alexander, 869 F.2d 91, 94-95 (2d Cir. 1989) (holding that prosecution is generally entitled to specific performance or withdrawal of plea following defendant's breach, but because the government waived its right to withdrawal of plea, only the possibility of specific performance remained), with United States v. Bradstreet, 207 F.3d 76, 81 (1st Cir. 2000) (affirming despite defendant's breach of plea agreement because district court was not bound by agreement and prosecution had notice of and chance to respond to defendant's argument in breach of agreement).

We do not now decide the proper remedy for any future defendant's breach of a plea agreement, but in the particular circumstances of this case we decline to treat Swisshelm's breach of the plea agreement differently from a breach by the

---

[1]In United States v. Goings, we departed from this general rule and affirmed the district court's judgment because the prosecutor's breach did not affect the district court's decision. 200 F.3d 539, 544 (8th Cir. 2000); see also United States v. E.V., 500 F.3d 747, 754-55 (8th Cir. 2007) (citing Goings and affirming because prosecution's breach did not affect the result and the sentence was constrained by a statutory minimum). As we stated in Mosley, Goings is inconsistent with our earlier precedents and thus we are not bound to follow it. See Mosley, 505 F.3d at 810 & n.1.

government.  Although Swisshelm's breach may not implicate the same constitutional concerns raised by a prosecutor's breach, principles of contract interpretation lead us to hold Swisshelm accountable to the terms of the plea agreement.  The parties agreed that they would not request a sentence outside the Guidelines range, and the government agreed not to pursue the several additional charges and Guidelines enhancements it could have lodged against Swisshelm in return for his guilty plea. Defense counsel's request for a downward variance constituted a clear violation of that agreement.  Swisshelm thus received the benefit of the plea agreement—the government's forbearance from seeking an above-Guidelines sentence—but deprived the government of its corresponding bargained-for benefit—Swisshelm's forbearance from seeking a below-Guidelines sentence.  See Bowe, 257 F.3d at 345 ("By fashioning a sentence below the applicable Sentencing Guidelines based on the . . . violation of . . . the plea agreement, the district court denied the Government the benefit of its bargain."); Alexander, 869 F.2d at 95 (reasoning that although the Supreme Court's holding in Santobello was partly based on defendant's constitutional rights, "it also relies on the fundamental principle that one party cannot be held to a bargain that the other party has breached").  Contra Bradstreet, 207 F.3d at 80 n.3 ("Because these [constitutional] concerns do not abound when the defendant breaches an agreement, the reasoning in these cases [in which the government breached] is inapposite.").  Swisshelm argues that the breach was only technical and not material because it did not affect the district court's judgment, but on this record we conclude that the breach was material, prejudicial, and not harmless.[2]  We reserve for another

---

[2]Swisshelm also argues that "the courts have held that even where the government has breached the plea agreement, the defendant will not always be able to show prejudice."  Appellee's Br. 13 (citing Puckett v. United States, 556 U.S. 129, 141-42 (2009); United States v. Lara-Ruiz, 681 F.3d 914, 921 (8th Cir. 2012); Jeffries v. United States, No. Civ. 11-5033-KES, 2011 WL 6780789, at *3-5 (D.S.D. Dec. 27, 2011), aff'd, 721 F.3d 1008 (8th Cir. 2013)).  Those cases are inapposite here, for in Puckett and Lara-Ruiz the court reviewed for plain error, and in Jeffries the petitioning defendant claimed ineffective assistance of counsel; both standards require a showing of prejudice.

day the decision whether remand for resentencing before a different judge would be required in the event of a defendant's harmless breach.

Thus, in accordance with the procedure we follow in the event of a government-occasioned breach, we remand the case for resentencing before a different judge, who may in the exercise of discretion consider the letters submitted on Swisshelm's behalf for the purpose of determining a sentence within the Guidelines range, but not for the purpose of considering a downward departure or variance from the Guidelines range. In doing so, "[w]e emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the [defendant], not on the sentencing judge." Van Horn, 976 F.2d at 1184 (first alteration in original) (quoting Santobello, 404 U.S. at 263).

The sentence is vacated, and the case is remanded for resentencing in accordance with the above-stated directions.

_____