# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1212

———————————————

United States of America

*Plaintiff - Appellee*

v.

Edward Lee Raifsnider, also known as Larry E. Killion

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Southwestern Division

——————————

Submitted: December 14, 2018
Filed: February 14, 2019
[Published]

——————————

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Edward L. Raifsnider appeals the sentence imposed following his successful motion under 28 U.S.C. § 2255 on the ground that the sentence is substantively unreasonable. The Government asserts Raifsnider's appeal is barred by the appeal waiver in his plea agreement. We enforce the waiver and accordingly dismiss this appeal.

"When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc). We must also determine that enforcing the waiver would not "result in a miscarriage of justice." *Id.* at 890.

Raifsnider does not challenge the waiver on any of those grounds, instead arguing that the appeal waiver is unenforceable due to the Government's alleged breach of the plea agreement at sentencing.[1] This court has held that an appeal waiver is unenforceable when the Government breaches the plea agreement. *See United States v. Sayles*, 754 F.3d 564, 568 (8th Cir. 2014). When a breach is raised for the first time on appeal, this court reviews the issue for plain error. *Id.* If this court finds an error, then it must also assess whether there is a reasonable probability the defendant would have received a more favorable sentence but for the breach. *Id.*

Raifsnider's argument is unusual because he asserts a breach of the spirit of the agreement rather than the letter of the agreement. He concedes that the Government technically recommended a Guidelines sentence to the sentencing court. Then, he argues the Government effectively recommended an alternative sentence by strongly suggesting the district court should not follow its formal recommendation.

Raifsnider cites no authority showing a violation of the spirit of a plea agreement is enough to find a breach. The case Raifsnider relies on involved the Government openly advocating upward departure from the Guidelines on the tenuous theory that the Government only agreed to recommend a sentence within *its*

---

[1] We assume without deciding that Raifsnider did not waive this issue. The Government cites no case where we have required a defendant to raise or assert an argument about an appeal waiver before the Government sought to enforce the appeal waiver, and we need not decide whether to impose such a requirement now because it would not affect the outcome in this case.

calculation of the Guidelines rather than the district court's calculation. *United States v. Van Horn*, 976 F.2d 1180, 1183 (8th Cir. 1992). *Van Horn* is distinguishable because there the Government openly recommended a departure. *See id.* Here, Raifsnider concedes that no explicit request occurred. We do not suggest the Government can never breach a plea agreement by implicitly recommending a different sentence than the one it is bound to recommend by the agreement, but we do not believe this line has been crossed here.

More importantly, there is also no indication that Raifsnider would have received a more favorable sentence but for the purported breach. The district court based its sentencing decision primarily on reviewing the presentence investigation report and the numerous fraud crimes in Raifsnider's past. There is no indication that any remarks from the Government were the but-for cause of the district court's sentencing decision.

Accordingly, under plain error review, any actionable Government breach here would not relieve Raifsnider of the appeal waiver because he has not shown it is reasonably probable that he would have received a more favorable sentence but for the purported breach. We enforce the waiver and grant the motion to dismiss this appeal.

_____