# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2000

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Edward Donovan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 21, 2019
Filed: July 3, 2019
[Unpublished]

_____

Before KELLY, BOWMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Anthony Donovan directly appeals after he pleaded guilty in the district court[1]
to drug and firearm offenses, pursuant to a plea agreement containing an appeal

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the
Western District of Missouri.

waiver. On appeal, he argues that the district court erred by allowing the government to make an argument that allegedly breached his plea agreement, and he asserts that he should either be resentenced or be allowed to withdraw his guilty plea.

We conclude that the government did not breach the plea agreement, as the record establishes that the government consistently recommended the sentence that it had promised to recommend. See United States v. Raifsnider, 915 F.3d 1186, 1188 (8th Cir. 2019) (per curiam) (if government breaches plea agreement, appeal waiver is unenforceable); see also United States v. Pierre, 912 F.3d 1137, 1142-43 (8th Cir. 2019) (government did not breach plea agreement where it promised to recommend sentence and it consistently did so). We further conclude that the appeal waiver is valid, applicable, and enforceable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waivers); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver should be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). Accordingly, we dismiss this appeal.

_____