# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1499

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Surajbally

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 11, 2019
Filed: September 16, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Anthony Surajbally appeals after he pled guilty to a drug offense, and the district court[1] sentenced him to a prison term below the range calculated under the

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

United States Sentencing Guidelines Manual ("Guidelines"). His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court imposed a substantively unreasonable sentence and erred in not granting a larger downward variance. In his pro se supplemental briefs, Surajbally argues the district court erred in calculating his base offense level because the drug-quantity calculation was incorrect, and the government breached the plea agreement.

Turning first to Surajbally's pro se arguments, we conclude he waived his challenges to the drug-quantity calculation. *See United States v. Hipolito-Sanchez*, 998 F.2d 594, 596 (8th Cir. 1993) (per curiam) (holding defendant who withdrew objection to presentence report's drug-quantity determination at sentencing waived right to challenge amount on appeal). We also conclude the government did not breach the plea agreement. *See United States v. Raifsnider*, 915 F.3d 1186, 1188 (8th Cir. 2019) (per curiam) (standard of review). As to the arguments in the *Anders* brief, we conclude the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness); *see also United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further). In addition, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm.

_____