# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1290
_____

United States of America

*Plaintiff - Appellee*

v.

Natalie K. Hampton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 31, 2020
Filed: September 9, 2020
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Natalie Hampton appeals the sentence the district court[1] imposed after she pleaded guilty to a drug offense and a firearm offense. As part of her plea agreement,

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Hampton agreed to waive her right to appeal her sentence except for, as relevant here, claims of prosecutorial misconduct.

Hampton's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), discussing whether the appeal waiver should be enforced and stating that Hampton contends that the government acted improperly by indicating it would pursue more serious charges if Hampton did not accept the plea agreement. In *pro se* filings, Hampton argues that the appeal waiver should not be enforced because the prosecutor engaged in misconduct. Specifically, she contends that the government breached the plea agreement by objecting to the drug-quantity calculation in the presentence report and that the prosecutor's statements at sentencing were misleading.

We conclude that the government did not breach the plea agreement, as nothing in the plea agreement prohibited the parties from making arguments concerning the drug quantity relevant for sentencing purposes. *See United States v. Raifsnider*, 915 F.3d 1186, 1188 (8th Cir. 2019) (per curiam) (stating that if the government breaches the plea agreement, the appeal waiver is unenforceable); *see also United States v. Leach*, 491 F.3d 858, 863 (8th Cir. 2007) (stating that plea agreements are contractual in nature and should be interpreted according to general contract principles). Further, Hampton has not identified any conduct by the government constituting misconduct. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015) (stating that to establish prosecutorial misconduct, the defendant must show that the government's conduct was improper and affected his substantial rights so as to deprive him of a fair trial). Finally, we conclude that the appeal waiver is enforceable, as the record demonstrates that Hampton entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice will result from enforcing the waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing the enforcement of appeal waivers).

This court has also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we grant counsel leave to withdraw and dismiss the appeal.

_____